UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHUKWUMA E. AZUBUKO,

                Plaintiff,

vs.                                Case No.  3:04-cv-580-J-32MCR

FRAMINGTON STATE COLLEGE, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. No. 1) and

Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2), which

the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28

U.S.C. §1915(a)(1).  For the reasons set forth below, the undersigned **RECOMMENDS**

the instant motion be **DENIED** and the Complaint be **DISMISSED with prejudice.**

In reviewing a motion to proceed *in forma pauperis*, the Court must make two

separate determinations.  First, the Court must determine whether a plaintiff is eligible

for pauper status under 28 U.S.C. § 1915.  Second, the Court must determine whether

the case is frivolous or malicious; if it fails to state a claim upon which relief may be

granted; or if the complaint seeks monetary relief against a defendant who is immune

---

[1]Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

from such relief. 28 U.S.C. §1915(e)(2)(B). An *in forma pauperis* complaint is considered frivolous if the Court determines that it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). In reviewing the Complaint at issue, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction however cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, in the Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2), Plaintiff submits that he earns approximately $13,200 annually as a substitute teacher and by operating a transportation service. Plaintiff provides no assessment of debts or other financial obligations which would preclude his ability to pay the requisite filing fee. Accordingly, the Court is satisfied Plaintiff is capable of paying the filing fee in the instant matter and therefore recommend his motion for leave to proceed *in forma pauperis*, filed pursuant to 28 U.S.C. §1915(a)(1), be denied.

Furthermore, even if the Court were to find that Plaintiff's financial circumstances were insufficient to pay the filing fee, the Court would be compelled to recommend that Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as both frivolous and malicious. Based upon review of the Complaint, it appears Plaintiff seeks to file suit against Judge Campian of the Framingham District Court, Judge Peter Lauriat of the Suffolk Superior Court, an unnamed judge in the Middlesex Superior Court and Framingham State College for events surrounding his dismissal from Framingham

College. Each of the courts, as well as Framingham, are situated in the Commonwealth of Massachusetts.

Though fatally flawed in several respects, the most obvious issues presented by the Complaint involve jurisdiction and venue.[2] In the Complaint, Plaintiff incorrectly asserts the Court may exercise personal jurisdiction over the defendants pursuant to the "national contacts doctrine" which, according to the Complaint, provides for nationwide service to any defendant having sufficient contacts with the United States, rather than with the state in which a particular court sits.

Under Fed. R. Civ. P. 4(e)(1), the Court may exercise jurisdiction over a defendant only when permissible under Florida law. Here the Complaint fails to set forth any facts which would permit this Court to exercise personal jurisdiction over any of the defendants under Florida law.[3] Additionally, Plaintiff's choice of venue is improper, as none of the defendants reside in the Middle District or Florida, nor did any of the alleged acts which gave rise to Plaintiff's Complaint occur in this judicial district.[4]

Finally, it appears Plaintiff has filed numerous actions in Massachusetts as well as other jurisdictions regarding his dismissal from Framingham State College, most of which were dismissed as frivolous or for failure to state a claim, and others on *res*

---

[2]After reviewing the Complaint, it remains unclear why Plaintiff named Judges Campian and Lauriat as defendants to the instant action. In any event, judges are exempt from liability in a civil action for acts done by them within the exercise of their judicial functions. *See Dennis v. Sparks*, 449 U.S. 24, 101 S. Ct. 183 (1980) citing *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335 (1872).

[3]*See* Fla. Stat. § 48.193 entitled "Act subjecting persons to jurisdiction of courts of state."

[4]*See* 28 U.S.C. § 1391(b).

*judicata* grounds.[5]  In light of Plaintiff's repeated and vexatious attempts to re-litigate the same claims in state and federal courts, the Court finds the instant Complaint malicious.

Accordingly, after due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2), construed as a motion to proceed *in forma pauperis*, be **DENIED**.

2. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 22nd day of March, 2005.

*Monte C. Richardson*

**MONTE C. RICHARDSON**
United States Magistrate Judge

Copies to:

Plaintiff, *pro se*

---

[5]Based upon its research, the Court found that Plaintiff has filed the following cases concerning his dismissal from Framingham State College: *Azubuko v. Board of Trustees of Framingham State College*, Middlesex Super. Ct., C.A. No. 97-5662 (1998) (dismissed on res judicata grounds), *aff'd*, Mass. App. Ct. (1999); *Azubuko v. Board of Trustees of Framingham State College*, Suffolk Super. Ct., C.A. No. 97-5015-B (1998) (dismissed on res judicata grounds); *Azubuko v. Peter Lauriat*, Justice of the Super. Ct., Suffolk Super. Ct., C.A. No. 97-5016-C (1998) (dismissed on res judicata grounds); *Azubuko v. Board of Trustees of Framingham State College*, C.A. No. 95-1035 (D. Mass. May 5, 1995) (dismissed on res judicata grounds), *aff'd*, 54 F.3d 764 (1st Cir. 1995), *cert. denied*, 519 U.S. 1134, *reh'g denied*, 520 U.S. 1193 (1997); *Azubuko v. Board of Trustees of Framingham State College*, C.A. No. 93-11398-T (D. Mass. Nov. 10, 1994) (dismissed on res judicata grounds); *Azubuko v. Board of Trustees of Framingham State College*, Suffolk Super. Ct., C.A. No. 91-6590-D (1993) (dismissed for failure to state a claim).